**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**


TRIMELL DESHAWN MCINTOSH
ADC #109621                                                                                           PLAINTIFF

V.                                                      4:08CV04218 SWW/JTR

DOC HOLLADAY,
Pulaski County Sheriff, et al.                                                           DEFENDANTS


**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.       Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing before the
        United States District Judge was not offered at the hearing before the
        Magistrate Judge.

3.      An offer of proof setting forth the details of any testimony or other
        evidence (including copies of any documents) desired to be
        introduced at the requested hearing before the United States District
        Judge.

From this submission, the United States District Judge will determine the necessity for an additional

evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, who is incarcerated at the Grimes Unit of the Arkansas Department of Correction

("ADC"), alleges in his pleadings that Defendants failed to provide him with adequate medical care

for a broken foot while he was confined at the Pulaski County Detention Facility ("PCDF").[1]  *See*

docket entries #2 and #5.

Defendants have filed a Motion for Summary Judgment, a Brief in Support, and a Statement

of Indisputable Material Facts.  *See* docket entries #16, #17, and #18.  Plaintiff has failed to file a

Response to Defendants' Motion for Summary Judgment or to challenge Defendants' Statement of

Indisputable Material Facts, and the time for doing so has now expired.[2]

---

[1]Plaintiff is proceeding *pro se* in this § 1983 action.

[2]  On June 26, 2009, the Court issued an Order giving Plaintiff thirty days to file a Response
to Defendants' Motion for Summary Judgment and a Statement of Disputed Facts. *See* docket entry
#19.  Importantly, the Court advised Plaintiff that if he failed to timely do so, the facts set forth in

## II.  Admitted Facts

On August 17, 2008, Plaintiff injured his foot while playing basketball.[3]  *See* docket entry #17.  Nurse Meadows, who is not a Defendant in this action, instructed Plaintiff to elevate his foot and apply ice.  *Id.*  On August 19, 2008, Nurse Meadows noted that Plaintiff's foot was swollen, gave him 400 mg of Ibuprofen, and put Plaintiff on the doctor call list.  *Id.*

On August 20, 2008, Dr. Johnson, who is not a Defendant in this action, provided Plaintiff with crutches, prescribed Darvocet for pain, and referred him to the University of Arkansas for Medical Sciences Medical Center ("UAMS").  *Id.*  X-rays taken at UAMS revealed that Plaintiff had a fractured foot.  *Id.*  Plaintiff was given Vicodin for pain and his foot was placed in a splint.  *Id.*  Plaintiff alleges that he was instructed to return to UAMS in seven days for another x-ray and possibly, a cast.  *See* docket entry #2.  However, Plaintiff did not return to UAMS.  *See* docket entry #17.

On September 10, 2008, Plaintiff filed a grievance requesting that he be assigned to a bottom bunk due to his foot injury.  *Id.*  A grievance officer, who is not a Defendant in this action, explained to Plaintiff that he would have to submit a sick call request and obtain a medical authorization before receiving a lower bunk assignment.  *Id.*  Plaintiff failed to do so.  *Id.*

On September 17, 2008, Plaintiff was transported to the ADC.  *Id.*  While there, Plaintiff's foot remained in a splint until November 6, 2008, when a CMS doctor replaced Plaintiff's splint with

---

Defendants' summary judgment papers would be deemed admitted, pursuant to Local Rule 56.1(c).  *Id.* As of the date of this Recommended Disposition, Plaintiff has failed to file his Response and Statement of Disputed Facts, and the time for doing so has expired.  Accordingly, all of the facts in Defendants' Statement of Indisputable Material Facts are deemed admitted.

[3]At the time he sustained this injury, Plaintiff was a convicted prisoner awaiting transfer to the ADC.  *See* docket entry #2.

a walking boot.  *Id.*

### III.  Discussion[4]

Plaintiff alleges that Defendants violated his Eighth Amendment right to adequate medical care by: (1) failing to return him to UAMS for a second x-ray and, possibly, a cast; and (2) refusing his request for a lower bunk assignment.[5]  *See* docket entries #2 and #5.  Importantly, the only Defendants he has named are: (1) Defendant Sheriff Doc Holladay; (2) Chief of Detention Randy Morgan; and (3) Major of Housing and Security Shawn Smith.  *Id.*

In a § 1983 action, a supervisor may not be held liable, under a respondeat superior theory, for the constitutional violations of a subordinate.  *Ambrose v. Young*, 474 F.3d 1070, 1079 (8th Cir. 2007);*Tlamka v. Serrell,*  244 F.3d 628, 635 (8th Cir. 2001); *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (holding that a "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability").  Rather, supervisors can only be held liable if they personally participated in the alleged constitutional deprivation.  *Id.*

---

[4] It is well settled that summary judgment should only be granted when the record, viewed in a light most favorable to the nonmoving party, shows that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of informing the court of its basis for the motion and identifying the parts of the record that show lack of a genuine issue. *Celotex,* 477 U.S. at 323. To defeat a motion for summary judgment, the nonmoving party must go beyond the pleadings and establish "by affidavits, or by the depositions, answers to interrogatories, and admissions on file" that specific facts show a genuine issue for trial exists. *See* Fed R. Civ. P. 56(c); *Celotex,* 477 U.S. at 324.

[5] To establish a violation of the constitutional right to adequate medical care, a prisoner must prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).

In his Complaint and Amended Complaint, Plaintiff alleges that Defendant Holladay did not train his subordinates to properly respond to his medical needs.[6]  *See* docket entries #2 and #5. Additionally, he alleges that Defendants Morgan and Smith were responsible for evaluating his need for medical treatment.  *Id.*  Although he has been given the opportunity to do so, Plaintiff has failed to come forward with *any* evidence to support these allegations.

In contrast, Defendants have produced the sworn Affidavit of PCDF Health Services Administrator Sarah Speer, who states that Defendants Holladay, Morgan, and Smith had *no personal involvement in or awareness of* Plaintiff's medical treatment or bunk assignments.[7]  *See* docket entry #17, Ex. A; *see also Vaughn v. Greene County, Ark.*, 438 F.3d 845, 850 (8th Cir. 2006) (providing that, in order to establish an inadequate medical care claim, a prisoner must demonstrate that the defendant "actually knew of" but "deliberately disregarded" a serious medical need). Instead, all medical treatment decisions and bunk assignments were made by health care providers and PCDF administrators, who are *not* parties to this action.  *See Drake ex rel Cotton v. Koss*, 445 F.3d 1038, 1042-43 (8th Cir. 2006) (providing that prison supervisors, who lack medical expertise, cannot be held liable for decisions made by medically trained prison staff); *Meloy v. Bachmeier*, 302 F.3d 845, 849 (8th Cir. 2002) (same).  As a result, these three Defendants could not have "subjectively known" of Plaintiff's serious medical needs and "deliberately disregarded" those needs. Accordingly, the Court concludes that, as a matter of law, Defendants are entitled to summary judgment on Plaintiff's inadequate medical care claims.

---

[6]There is *no evidence* that the medical personnel at the PCDF did not timely and properly respond to all of Plaintiff's medical needs.  Thus, the Court is not required to reach the merits of Plaintiff's failure to train allegation against Defendant Holladay.

[7]  Sarah Speer is also a registered nurse. *See* docket entry #17, Ex. A.

**IV.  Conclusion**

IT IS THEREFORE RECOMMENDED THAT:

1.      Defendants' Motion for Summary Judgment (docket entry #16) be GRANTED, and this case be DISMISSED, WITH PREJUDICE.

2.      The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Recommended Disposition and the accompanying Judgment would not be taken in good faith.

Dated this 12th day of August, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

6